Query   Reports   Utilities   Help   What's New   Log Out

ON BOND,Restraint_None

# United States District Court
## District of Nevada (Las Vegas)
## CRIMINAL DOCKET FOR CASE #: 2:22-mj-00696-EJY-1

Case title: USA v. Amico                          Date Filed: 09/02/2022

Other court case number: 22-mj-00662 Western District of New
                         York

Assigned to: Magistrate Judge Elayna J.
Youchah

**Defendant (1)**

| | |
|---|---|
| **Joseph Amico** | represented by **Navid Afshar**<br>Federal Public Defender<br>411 E Bonneville<br>Suite 250<br>Las Vegas, NV 89101-<br>702-388-6577<br>Fax: 702-388-6261<br>Email: navid_afshar@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: FPD* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**                              represented by  **Jim W. Fang**
                                                     U.S. Attorney's Office
                                                     501 Las Vegas Blvd. South
                                                     Suite 1100
                                                     Las Vegas, NV 89101-
                                                     702-388-6336
                                                     Email: jim.fang@usdoj.gov
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: USA*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/02/2022 | 2 | MINUTES OF PROCEEDINGS - Initial Appearance in Rule 5(c)(3) Proceeding as to Joseph Amico held on 9/2/2022 before Magistrate Judge Elayna J. Youchah. Crtrm Administrator: *E. Garcia*; AUSA: *Jim Fang*; Def Counsel: *Navid Afshar*; PTS: *Mariah Bassler-Wide*; Recording start and end times: *2:47p.m. - 3:08p.m.*; Courtroom: *3D*; <br><br>Defendant is present in custody with counsel. IT IS ORDERED that the Defendant shall have no restraints during court proceedings. Financial Affidavit filed. The Federal Public Defenders Office is appointed as defense counsel for this proceeding only. Defendant is advised of his rights/charges. Defendant waives reading of the Complaint. Waiver of Identity Hearing filed. ORDERED defendant identified as named defendant in the Complaint and is held to answer in the Western District of New York. Government does not seek detention. Parties heard regarding conditions of release. Defendant is released on a personal recognizance bond with conditions. The Court advises the parties of the United States *Brady* obligations in open court. <br><br>Defendant is to report to the New York Western District Court - Kenneth B. Keating Federal Building in Rochester, New York, before the Honorable Mark W. Pedersen on **September 12, 2022 at 1:30p.m.** <br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - EMG) (Entered: 09/02/2022) |
| 09/02/2022 | 3 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Elayna J. Youchah, as to Joseph Amico on 9/2/2022. By Deputy Clerk: E. Garcia. <br><br>Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900,913 n.14 (9th Cir. 2009). Accordingly, the court orders the government to produce to the defendant in a timely manner all such information or evidence. <br><br>Information or evidence may be favorable to a defendant's case if it either may help |

|  |  | bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.<br><br>If the government believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, the government may apply to the Court for a modification of the requirements of this Disclosure Order, which may include in camera review and/or withholding or subjecting to a protective order all or part of the information.<br><br>This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the government's obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012).<br><br>**(no image attached)** (Copies have been distributed pursuant to the NEF - EMG) (Entered: 09/02/2022) |
| 09/02/2022 | 5 | ORDER APPOINTING COUNSEL as to Joseph Amico. FPD appointed as counsel for Defendant. Subpoenas issued upon request, with exception to out-of-state subpoenas which will require court approval. Signed by Magistrate Judge Elayna J. Youchah on 9/2/22. (Copies have been distributed pursuant to the NEF - JQC) (Entered: 09/06/2022) |
| 09/02/2022 | 6 | ORDER Requiring a Defendant to Appear in the District where Charges are Pending and Transferring Bail. Signed by Magistrate Judge Elayna J. Youchah on 9/2/22. (Copies have been distributed pursuant to the NEF - JQC) (Entered: 09/06/2022) |
| 09/02/2022 | 7 | PR BOND Entered as to Joseph Amico. (JQC) (Entered: 09/06/2022) |
| 09/02/2022 | 8 | NOTICE of Assertion of Right to Counsel, the Right to Remain Silent, and Request to Have Counsel Present During Questioning as to Joseph Amico. (JQC) (Entered: 09/06/2022) |
| 09/06/2022 | 9 | WAIVER of Rule 5(c)(3) Hearings by Joseph Amico. (JQC) (Entered: 09/06/2022) |

_____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 0 2 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

JOSEPH AMICO,

      Defendant.

CASE NO.: 2:22-MJ-00696-EJY

## **ORDER APPOINTING COUNSEL**

The individual named below, having testified under oath or having otherwise satisfied this Court that she/he: (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and, because the interests of justice so require, the Court finds that the individual is indigent, therefore,

**IT IS ORDERED** that the Federal Public Defender for the District of Nevada is hereby appointed to represent JOSEPH AMICO.

**IT IS FURTHER ORDERED** that the Clerk issue subpoenas upon oral request and submission of prepared subpoenas by the attorneys of the Office of the Federal Public Defender, unless said subpoenas are to be served outside the State of Nevada. The cost of process, fees and expenses of witnesses so subpoenaed shall be paid as witness(es) and the United States Marshal shall provide such witness(es) subpoenaed advance funds for the purpose of travel within the District of Nevada and subsistence. Any subpoenas served on behalf of the individual, the return thereon to this Court shall be sealed, unless otherwise ordered.

**IT IS FURTHER ORDERED** that if counsel for the individual desires subpoenas to be served outside the State of Nevada, further application pursuant to Federal Rules of Criminal Procedure 17(b) shall be made to the Court, before the issuance of said subpoenas.

DATED: September 2, 2022

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

Federal Public Defender's Office appearance by:   NAVID AFSHAR

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   2:22-mj-696-EJY |
| | ) | |
| JOSEPH AMICO | ) | Charging District:   Western District of New York |
| *Defendant* | ) | Charging District's Case No.  22-mj-662 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

Place:  New York Western District Court
Kenneth B. Keating Federal Building
100 State Street, Room 2120
Rochester, NY 14614
Before the Honorable Mark W. Pedersen

Courtroom No.:  TBD

Date and Time:  September 12, 2022 at 1:30p.m.

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:      September 2, 2022

*Judge's signature*

ELAYNA J. YOUCHAH, United States Magistrate Judge
*Printed name and title*



AO 98 (Rev 12/11) Appearance Bond

FILED                    RECEIVED
ENTERED                  SERVED ON
                         COUNSEL/PARTIES OF RECORD

SEP 0 2 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                           DEPUTY

# UNITED STATES DISTRICT COURT

### for the

### District of Nevada

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| JOSEPH AMICO | ) | Case No.  2:22-mj-696-EJY |
| | ) | |
| *Defendant* | ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, _____ **JOSEPH AMICO** _____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )  to appear for court proceedings;
( X )  if convicted, to surrender to serve a sentence that the court may impose; or
( X )  to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( X ) (1)  This is a personal recognizance bond.

(   ) (2)  This is an unsecured bond of $ _____ .

(   ) (3)  This is a secured bond of $ _____ _____ , secured by:

(   ) (a) $ _____ , in cash deposited with the court.

(   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value):*

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

(   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety):*

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

# UNITED STATES DISTRICT COURT

for the

District of Nevada

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| JOSEPH AMICO | ) | Case No.   2:22-mj-696-EJY |
| | ) | |
| _____ | ) | |
| *Defendant* | | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)  The defendant must not violate federal, state, or local law while on release.

(2)  The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)  The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)  The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:  New York Western District Court -
_____
*Place*

Kenneth B. Keating Federal Building in Rochester, New York, before the Honorable Mark W. Pedersen
_____

on _____        9/12/2022 1:30 am        _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(5)  The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

**SUPERVISION**
( ) (6) The defendant is placed in the custody of: _____   _____   _____
Person or organization

Address *(only if above is an organization)* _____   _____   _____

City and State _____   _____   _____

Tel. No. _____
*(only if above is an organization)*

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____
*Custodian or Proxy* _____   _____   ___ *Date* ___

(✓) (7) The defendant shall report to:        (✓) **U.S. Pretrial Services Office**   (✓) Las Vegas 702-464-5630  ( ) Reno 775-686-5964
no later than: _____             ( ) U.S. Probation Office              ( ) Las Vegas 702-527-7300  ( ) Reno 775-686-5980
( ) (8) The defendant is released on the conditions previously imposed.

**BOND**
( ) (9) The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____   _____   _____
( ) (10) The defendant shall post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum: _____   _____
( ) (11) The defendant shall execute a bail bond with solvent sureties in the amount of $ _____

**PENDING MATTERS**
(✓) (12) The defendant shall satisfy all outstanding warrants within ___90___ days and provide verification to Pretrial Services or the supervising officer.
( ) (13) The defendant shall pay all outstanding fines within _____ days and provide verification to Pretrial Services or the supervising officer.
(✓) (14) The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised release.

**IDENTIFICATION**
(✓) (15) The defendant shall use his/her true name only and shall not use any false identifiers.
( ) (16) The defendant shall not possess or use false or fraudulent access devices.

**TRAVEL**
( ) (17) The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.
( ) (18) The defendant shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services or the supervising officer within 48 hours of release.
( ) (19) The defendant shall not obtain a passport or passport card.
(✓) (20) The defendant shall abide by the following restrictions on personal association, place of abode, or travel:
Travel is restricted to the following areas:
( ) Clark County, NV ( ) Washoe County, NV (✓) State of NV ( ) Continental U.S.A. ( ) Other _____
(✓) (21) The defendant may travel to ___WD/NY___ _____   _____ for the purpose
of _court only_ _____

**RESIDENCE**
(✓) (22) The defendant shall maintain residence at (✓) current address, or ( ) at: _____   _____
and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
( ) (23) The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary.
( ) (24) The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

( ) (25) The defendant shall return to custody each (week) day at _____ ___ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s):_____

## EMPLOYMENT
( ) (26) The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
( ) (27) The defendant shall not be employed in, or be present in, any setting directly involving minor children.
( ) (28) The defendant shall not secure employment in the following field(s):_ _____  _____  _____
( ) (29) The defendant is prohibited from employment/self-employment in a setting where he/she has access to financial transactions or the personal identifiers of others.

## EDUCATION/VOCATION
( ) (30) The defendant shall maintain or commence an education or vocational program as directed by Pretrial Services or the supervising officer.

## CONTACT
(✓) (31) The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, (including but not limited to:( government to provide a list_____  _____).
( ) (32) The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
( ) (33) The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.
    ( ) (33B) The defendant is prohibited from entering or remaining at any place primarily used by children under the age of 18, unless he/she has the express prior permission of his/her Pretrial Services Officer or supervising officer. Examples of such prohibited places include parks, schools, playgrounds, and child care facilities.
( ) (34) The defendant shall report as soon as possible to Pretrial Services or the supervising officer any contact with law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

## FIREARMS/WEAPONS
( ) (35) The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
( ) (36) Any firearms and/or dangerous weapons shall be removed from the defendant's possession by another responsible adult within 24 hours of release from custody.
( ) (37) The defendant shall provide written proof that his/her access to and possession of said firearm and/or dangerous weapon(s) has been discontinued. The written proof shall be provided to Pretrial Services or the supervising officer.

## SUBSTANCE USE TESTING AND TREATMENT

(✓) (38) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. This includes Marijuana and/or any item containing THC.
( ) (39) The defendant shall refrain from any use of alcohol.
( ) (40) The defendant shall refrain from the excessive use of alcohol.
( ) (41) The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.
( ) (42) The defendant shall submit to an initial urinalysis. If positive, then (43) applies.
(✓) (43) The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
(✓) (44) The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
(✓) (45) The defendant shall not be in the presence of anyone using or possessing:
        (✓) (45A) A narcotic drug or other controlled substances
        ( ) (45B) Alcohol
        ( ) (45C) Intoxicating substances or synthetics
( ) (46) The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
( ) (47) The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## MENTAL HEALTH TREATMENT
(✓) (48) The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.
(✓) (49) The defendant shall participate in mental health treatment as directed by Pretrial Services or the supervising officer.
(✓) (50) The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## LOCATION MONITORING
( ) (51) The defendant shall participate in one of the following location monitoring program components and abide by its requirements as Pretrial Services or the supervising officer instructs.

    ( ) (51A) Curfew.
        The defendant is restricted to his/her residence every day from to and/or a time schedule
        deemed appropriate by Pretrial Services or the supervising officer.
    ( ) (51B) Home Detention.
        The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical,
        substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities
        preapproved by Pretrial Services or the supervising officer.
    ( ) (51C) Home Incarceration.
        The defendant is restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities
        specifically approved by the court.

( ) (52) The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.
    ( ) (52A) Location monitoring technology as directed by Pretrial Services or the supervising officer.
    ( ) (52B) Voice Recognition monitoring.
    ( ) (52C) Radio Frequency (RF) monitoring.
    ( ) (52D) Global Positioning Satellite (GPS) monitoring.
( ) (53) The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.
( ) (54) The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## INTERNET ACCESS AND COMPUTERS
( ) (55) The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.

( ) (56) The defendant must not access the Internet except for the purpose(s) marked below:
    ( ) 56A. Employment
    ( ) 56B. Banking/Bill Paying
    ( ) 56C. Other_____

( ) (57) The defendant must submit his/her computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. The defendant must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A Pretrial Services Officer, or supervising officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

( ) (58) The defendant must allow Pretrial Services or the supervising officer to install computer monitoring software on any computer and/or internet capable device (as defined in 18 U.S.C. § 1030(e)(1)) he/she uses.

( ) (59) To ensure compliance with the computer monitoring condition, the defendant must allow the Pretrial Services Officer or supervising officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

( ) (60) The defendant shall refrain from possession of pornography or erotica in any form or medium.

( ) (61) The defendant shall pay all or part of the cost of the internet monitoring software upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

( ) (62) Other_____

## FINANCIAL
( ) (63) The defendant shall not obtain new bank accounts or lines of credit.
( ) (64) The defendant shall not act in a fiduciary manner on behalf of another person.
( ) (65) The defendant shall not use any identifiers, access devices, or accounts, unless under his/her true name.
( ) (66) The defendant shall not solicit monies from investors.

AO 199B (Rev. 03/2020) Additional Conditions of Release                         Page ___ of ___ Pages

( ) (67) The defendant shall disclose financial information as directed by Pretrial Services or the supervising officer.
( ) (68) The defendant shall reimburse the Treasury of the United States for the cost of _____ _____ (name of attorney) representation at the rate of $_____ per _____, payable to the Clerk of the Court for deposit in the Treasury, as follows:
_____
_____

## SEARCH
( ) (69) The defendant shall be subject to search of person, residence and/or vehicle as directed by Pretrial Services or the supervising officer to ensure compliance with these conditions.

## OTHER PROHIBITED ACTIVITIES
( ) (70) The defendant shall refrain from gambling or entering any establishment whose primary business involves gambling activities.
( ) (71) The defendant is prohibited from entering any establishment whose primary source of business involves pornography, erotica, or adult entertainment.
( ) (72) The defendant shall withdraw from any interest, in any state, that he/she may have in any business which is related to the sale, distribution, manufacture or promotion of marijuana or synthetic marijuana. This includes other dispensaries or paraphernalia stores.
(✓) (73) The defendant shall not obtain or renew a "medical marijuana" card within the State of Nevada or any other state.
( ) (74) All aspects of the _____ _____ dispensary shall be closed.
( ) (75) All promotion, web sites and advertising associated with the establishment should be discontinued.
( ) (76) The defendant shall seek and maintain full time employment outside the field of medical marijuana and hydroponics.
( ) (77) The defendant shall have no involvement whatsoever in any medical marijuana program, to include consulting, manufacture, or dispensing of controlled substances, either voluntary or in return for compensation, nor can defendant be involved with individuals seeking a doctor's recommendation.
( ) (78) The defendant shall not visit or associate with any hydroponic, paraphernalia or dispensing stores.
( ) (79) The defendant shall have no involvement in the referral of medical marijuana.

## OTHER CONDITIONS
(✓) (80) The defendant shall abide by other conditions as noted below:
_____

Defendant is to surrender his medical marijuana card._____
_____
_____
_____
_____
_____
_____
_____
_____

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more - you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years - you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony - you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor - you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Las Vegas, NV
_____
*City and State*

## Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 9/2/22

_____
*Judicial Officer's Signature*

ELAYNA J. YOUCHAH
U.S. MAGISTRATE JUDGE
_____
*Printed name and title*

DISTRIBUTION    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

<table>
<tr><td>_____ FILED</td><td>_____ RECEIVED</td></tr>
<tr><td>_____ ENTERED</td><td>_____ SERVED ON</td></tr>
</table>

COUNSEL/PARTIES OF RECORD

**SEP 0 2 2022**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1  RENE L. VALLADARES
   Federal Public Defender
2  Nevada State Bar No. 00014
   411 E. Bonneville Ave, #250
3  Las Vegas Nevada 89101
   (702) 388-6577
4
   Counsel for **Defendant**
5

6                  UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                             * * *          2:22- MJ-494-FTY

9  UNITED STATES OF AMERICA,

10                      Plaintiff,           Case no. 22-MJ-66 2

11  vs.    Joseph Amico

12

13                      Defendant.

14  **ASSERTION OF RIGHT TO COUNSEL, THE RIGHT TO REMAIN SILENT, AND
     REQUEST TO HAVE COUNSEL PRESENT DURING QUESTIONING**
15
             COMES NOW, the Defendant, pursuant to the Supreme Court of the United States
16
   opinion in *Montejo v. Louisiana*, after being advised by counsel, pursuant to the Fifth and Sixth
17
   Amendments to the United States Constitution, hereby requests formal appointment of counsel and further
18
   exercises the right to remain silent. The undersigned hereby formally serves notice to government counsel
19
   and all relevant government agencies and departments that the undersigned is also hereby exercising the
20
   right to have counsel present during any law enforcement or prosecutorial initiated interrogation and does
21
   not consent to the initiation of any such questioning without the presence of counsel.
22
             DATED this 2nd day of September 2022
23

24                                           Witnessed by :
                                             RENE L. VALLADARES
25                                           Federal Defender
26
27  Defendant                                Assistant Federal Public Defender
28

                                    1

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. Z:22 MJ 694-FJY |
| | ) | 22-MJ-662 |
| Joseph Amico | ) | |
| _Defendant_ | ) | Charging District's Case No. |
| | ) | Western Dist. NY |
| | | Rochester, NY |

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*

I have been informed of the charges and of my rights to:

(1)     retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)     an identity hearing to determine whether I am the person named in the charges;

(3)     production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)     a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —
unless I am indicted — to determine whether there is probable cause to believe that an offense has
been committed;

(5)     a hearing on any motion by the government for detention;

(6)     request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑          an identity hearing and production of the warrant.

☑          a preliminary hearing.

☐          a detention hearing.

☐          an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may
be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set
by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are
pending against me.

Date: 9/2/22

_Defendant's signature_

_Signature of defendant's attorney_

David Afshar

_Printed name of defendant's attorney_

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

**SEP 0 2 2022**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY